```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA

                     CHARLESTON
```

**LOUIS THOMAS,**

    **Plaintiff,**

v.                                    Case No. 2:08-cv-00016

**WARDEN, MOUNT OLIVE CORRECTIONAL COMPLEX,**
**JOHN DOE # 1 OFFICER,**
**JOHN DOE # 2 OFFICER,**
**JOHN DOE # 3 OFFICER, and**
**JOHN DOE # 4 OFFICER,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pursuant to 28 U.S.C. § 1915A, the court must review each complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and may dismiss such complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted." 28 U.S.C. 1915A.

On January 9, 2008, Plaintiff filed a complaint against the Warden of the Mount Olive Correctional Complex and four John Doe correctional officers, alleging, among other matters, that "officer David John Doe pushed me by the throat and banged my head off the wall and I have a permanent head injury to where I cannot shake my head much." (Docket # 2, at 4.) Plaintiff made no allegation against the Warden.

By Order entered March 26, 2008 (# 4), the court detailed the

deficiencies in Plaintiff's Complaint, including his acknowledged failure to exhaust his administrative remedies, and gave him 60 days in which to correct the deficiencies and to exhaust his remedies. On April 11, 2008, Plaintiff filed an amended complaint (# 5) which, he asserts, corrects all deficiencies. The amended complaint reads as follows [*verbatim*]:

> This is my amend complaint which corrects all deficiencies the court assumes.
>
> # 1 John Doe officer on the way to segregation pushed me into a wall and busted my lip. 2006.
>
> # 2 officer disrespected me by having a rubber gluve filled with water down in his pants with a hole in it and squirted water on me through my feeding hole while I was in segregation. 2006.
>
> John Doe officer number 3 while I was picking something up after setting my food tray in the hole dumpped the remains on the back of my head and neck, milk and etc. 2006.
>
> Last, I tryed to explain to officer David John Doe that I didn't want to see nurse John Doe at my door because he threated me and I could have a problem with him.
>
> Officer David John Doe was the only officer working security in MHU [Mental Health Unit] that evening and left me and went back to the front desk where the nurse was situated. As soon as officer David was seated the nurse walked all the way to my cell as if David wanted to see a altercation. The nurse walked up to my door and I tried to grab him, and ask him why did he come back to my cell. Earilyer he was threatening me because I knocked the pkg meter out of anougther nurse's hand. He said I should have put some spearm in your medication.
>
> I tried to grab him and ask him why did he come back and he looked to the officer at the front desk and rattled the door, and the single officer David John Doe poped the door for the nurse as if he wanted to see a

      fight.  The nurse entered my room walking toward me. Officer David John Doe shortly entered my room and demanded that I sit on my bed and we went over what when went over before this occurrance had taken place and he said that he did not care then pushed me by my throat and banged my head of the wall and I suffer from a permanit head injury and cannot shake my head.

      Then they left my room.

      I will be thankful if I am awarded.

      /s/ Louis Thomas

(Amended complaint, # 5, at 1-4.)

Plaintiff makes no claim against the warden, and does not mention him in the statement of his claim.  There is no *respondeat superior* liability under 42 U.S.C. § 1983, and Plaintiff states no claim against him.  Thus the warden should be dismissed.

Plaintiff's allegation against John Doe # 1 officer is that in 2006, officer # 1 pushed Plaintiff and he sustained a busted lip.  A busted lip is a *de minimis* injury which does not support an Eighth Amendment claim of use of excessive force.  *Riley v. Dorton*, 115 F.3d 1159 (4th Cir.)(*en banc), cert. denied*, 522 U.S. 1030 (1997).  John Doe # 1 officer should be dismissed.

Plaintiff's allegations against John Doe ## 2 and 3 are that they acted in a disrespectful manner.  While regrettable, it is not a violation of Plaintiff's constitutional rights for a correctional officer to speak to him disrespectfully or to act disrespectfully toward him, absent malicious and sadistic use of force.  Hudson v. McMillan, 503 U.S. 1, 8-10 (1992).  Plaintiff has shown neither

malice nor sadism by the officers, and he sustained no injury as a result of their actions. John Doe officers ## 2 and 3 should be dismissed.

Reading the amended complaint in the light most favorable to Plaintiff, it appears to the court that Plaintiff alleges that correctional officer David _____ [John Doe # 4] talked to Plaintiff about his behavior, pushed Plaintiff by the throat, and banged Plaintiff's head against a wall, causing him to suffer a permanent injury to his head. If this incident occurred as alleged within two years of Plaintiff's delivery of the original complaint to prison officials for mailing to the Clerk, this allegation states a claim upon which relief can be granted.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("the PLRA") states that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" means " . . . conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings." 18 U.S.C. § 3626(g)(2). A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for,

4

violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

In Booth v. Churner, 532 U.S. 731 (2001), the Supreme Court of the United States held that exhaustion of administrative remedies is mandatory, regardless of the type of relief sought or offered through the administrative procedures. Id. at 741. In Booth, the Court required exhaustion even where the grievance process does not permit the award of money damages, and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. Id.

In Porter v. Nussle, 534 U.S. 516, 531 (2002), the Court held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or other some wrong." Not only must a prisoner exhaust his administrative remedies, but he must also do so properly. Proper exhaustion "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits.'" Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2385 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). [Emphasis in the original.]) That is, a prisoner must complete the administrative process in accordance with the applicable procedural rules of the process, including the

deadlines.

The West Virginia Division of Corrections ("WVDOC") promulgated regulations establishing an Inmate Grievance Procedure, W. Va. C.S.R. § 90-9-3 et seq. The promulgation of the Procedure was mandated by W. Va. Code § 25-1A-2(b), part of the West Virginia Prisoner Litigation Reform Act.

West Virginia Code § 25-1A-2(a) provides as follows:

> (a) An inmate may not bring a civil action until the administrative remedies promulgated by the facility have been exhausted; *Provided*, That the remedies promulgated by the facility will be deemed completed within sixty days from the date the inmate filed his or her initial complaint if the inmate fully complied with the requirements for filing and appealing the administrative complaint.

The mandatory exhaustion of remedies is tempered by W. Va. Code § 25-1A-2(c), which states:

> (c) Notwithstanding any other provision of this code, no inmate shall be prevented from . . . bringing a civil . . . action alleging past, current or imminent physical or sexual abuse; if such a civil . . . action is ultimately dismissed by a judge as frivolous, then the inmate shall pay the filing costs associated with the civil . . . action as provided for in this article.

In White v. Haines, 618 S.E.2d 423, 422 (W. Va. 2005), the Supreme Court of Appeals of West Virginia held that § 25-1A-2(c) is "clear and simple." An inmate who brings a civil action alleging past, current, or imminent physical or sexual abuse is not required to first exhaust the correctional facility's administrative remedies. Id. Plaintiff's amended complaint alleges that he suffered past physical abuse; thus he is not required to exhaust his remedies.

6

For the foregoing reasons, Plaintiff's complaint, as presently written, states a claim which can go forward only as to John Doe officer # 4.  The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's amended complaint fails to state a claim against defendants Warden, and John Doe officers ## 1, 2, and 3, and does state a claim against officer David _____ [John Doe # 4].  Accordingly, it is respectfully **RECOMMENDED** that all defendants except for John Doe # 4 officer be dismissed with prejudice.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a

waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver and this Magistrate Judge.

    The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

 April 15, 2008
      Date

*/s/ Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge